UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLEN CRAIG, | |
| Plaintiff, | Docket No. _____ |
| - against - | JURY TRIAL DEMANDED |
| VICE MEDIA LLC | |
| Defendant. | |

## COMPLAINT

Plaintiff Glen Craig ("Craig" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Vice Media LLC ("Vice Media") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of an iconic copyrighted photograph of legendary American jazz musician Miles Davis, owned and registered by Craig, a New York based music photojournalist. Accordingly, Craig seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Craig is a famed professional music photojournalist with a storied career, replete with intimate access to the biggest musical talent in the industry. Craig is in the business of licensing his photographs to online, print and television stations for a fee, having a usual place of business at 30-60 Crescent Street, Apt. 2C, Astoria, New York, 11102. Craig has won numerous awards including Leica's Photo Kina's Top Photographer Award in 2014 and his work has appeared in galleries around the world.

6.      Upon information and belief, Vice Media is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 99 North 10th Street, Brooklyn, New York 11211. Upon information and belief, Vice Media is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Vice has owned and operated a website at the URL: Vice.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      Craig photographed Miles Davis boxing during a speed bag workout at Gleason's Gym (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Craig is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9.     The Photograph was registered with Copyright Office and was given Copyright Registration Number VAu 1-160-156.

**B.     Defendant's Infringing Activities**

10.     Upon information and belief, on or about January 22, 2015, Vice ran two articles on the Website entitled *Don't hit me in the mouth, I Gotta play tonight: Miles Davis and Boxing*. See http://fightland.vice.com/blog/dont-hit-me-in-the-mouth-i-gotta-play-tonight-miles-davis-and-boxing and https://sports.vice.com/en_uk/article/don39t-hit-me-in-the-mouth-i-gotta-play-tonight-miles-davis-and-boxing-uk-translation. The article prominently featured the Photograph. A true and correct copy of the articles are attached hereto as Exhibit B.

11.     Vice did not license the Photograph from Plaintiff for its articles, nor did Vice have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST VICE)**
**(17 U.S.C. §§ 106, 501)**

12.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13.     Vice infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the the Photograph on the Website. Vice is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15.     Upon information and belief, the foregoing acts of infringement by Vice have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

18.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

19.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST VICE**
**(17 U.S.C. § 1202)**

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21.     Upon information and belief, in its article on the Website, Vice intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

22.     The conduct of Vice violates 17 U.S.C. § 1202(b).

23.     Upon information and belief, Vice's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Vice intentionally, knowingly and with the

intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Vice also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

25.     As a result of the wrongful conduct of Vice as alleged herein, Plaintiff is entitled to recover from Vice the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Vice because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26.     Alternatively, Plaintiff may elect to recover from Vice statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Vice be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Vice be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either:
       a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
         September 6, 2016

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By: /s/ Richard Liebowitz
                                             Richard P. Liebowitz
                                        11 Sunrise Plaza, Suite 305
                                        Valley Stream, NY 11580
                                        Tel: (516) 233-1660
                                        RL@LiebowitzLawFirm.com

                                        *Attorneys for Plaintiff Glen Craig*